# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL HUCUL, | CASE NO. 17cv2238 DMS(MDD) |
| --- | --- |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| NAVY FEDERAL CREDIT UNION, | |
| Defendant. | |

This case comes before the Court on Defendant's motion to dismiss Plaintiff's Complaint. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons set out below, the Court grants the motion.

## I.
## BACKGROUND

On November 2, 2017, Plaintiff Michael Hucul, proceeding *pro se*, filed the present case against Defendant Navy Federal Credit Union. In the Complaint, Plaintiff alleges that on September 29, 2017, he attempted to withdraw funds out of two of his joint accounts with Defendant, the first account being held jointly with his wife and the second account being held jointly with his son. (Compl. at 4.) Plaintiff alleges he was denied access to the funds in those accounts, and when he called Defendant to inquire, he was provided with a phone number for the California Department of Child Support Services ("DCSS"). (*Id.*) In response to a further inquiry by Plaintiff, Defendant emailed to him an "Order to Withhold" letter from DCSS. (*Id.*, Compl., Ex. A.) It is

unclear whether any funds have been released to DCSS or if the funds are still frozen in Defendant's accounts. Nevertheless, Plaintiff alleges Defendant's conduct violates the Right to Financial Privacy Act ("RFPA"). He specifically challenges Defendant's (1) failure to request a "certificate of compliance" from DCSS prior to freezing his accounts and (2) failure to notify Plaintiff before freezing his accounts. (*Id.*) In response to the Complaint, Defendant filed the present motion.[1]

## II.

## DISCUSSION

Defendant raises three arguments in support of its motion. First, Defendant argues it is immune from liability pursuant to California Family Code § 17453(f). Second, Defendant asserts the RFPA does not apply to the facts of this case. Third, Defendant contends that even if the RFPA applies, it did not violate the law.

### A.  Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered

---

[1] After filing the Complaint, Plaintiff filed an *ex parte* motion for a temporary restraining order to prevent Defendant from transferring his funds to the DCSS. The Court denied that motion, and Plaintiff filed an appeal of that decision, which is currently pending.

"the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

**B. The RFPA Does Not Apply**

Defendant's second argument in support of its motion to dismiss is that the RFPA does not apply to the facts of this case. Because this argument is dispositive, the Court addresses it first.

The RFPA states, "No financial institution, or officer, employees, or agent of a financial institution, may provide to any Government authority access to or copies of, or the information contained in, the financial records of any customer except in accordance with the provisions of this title." 12 U.S.C. § 3403(a). The RFPA defines "Government authority" as "any agency or department of the United States, or any officer, employee, or agent thereof[.]" 12 U.S.C. § 3401(3). By its plain terms, the RFPA does not apply to the facts of this case because there has been no conduct on behalf of the United States Government. Rather, the only governmental action at issue in this case is that of the DCSS, which is a department of the State of California, not the United States. *See Gyamfi v. Wells Fargo-Wachovia Bank*, No. DKC 09-3001, 2010 U.S. Dist. LEXIS 131870 (D. Md. Dec. 14, 2010) (granting motion to dismiss RFPA claim based on defendant's freezing of account in response to request from Child Support Services Division of Office of the Attorney General of the District of Columbia). *See also Goldman v. Consumers Credit Union*, No. 1:16-cv-1372, 2017 U.S. Dist. LEXIS 60233, at *11 (W.D. Mich. Apr. 20, 2017) (dismissing RFPA claim against credit union based on disclosure of information to county sheriff's department). Because the RFPA does not apply to the conduct at issue here, the Court grants Defendant's motion to dismiss.[2]

/ / /

/ / /

---

[2] In light of this holding, the Court declines to address Defendant's other arguments for dismissal. The Court also denies as moot Plaintiff's unopposed motion for joinder.

# III.
# CONCLUSION AND ORDER

For these reasons, the Court grants Defendant's motion to dismiss, and dismisses Plaintiff's Complaint without prejudice.

**IT IS SO ORDERED**.

DATED: January 22, 2018

HON. DANA M. SABRAW
United States District Judge